

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# Almanzar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3060

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Almanzar v. Atty Gen USA" (2006). *2006 Decisions.* Paper 584.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/584

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-279                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-3060
_____

XIOMARA ALMANZAR,

Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-CV-04752)
District Judge:  Honorable Katherine S. Hayden
_____

Submitted For Possible Summary Action Under
Third Circuit LAR 27.4and I.O.P. 10.6
July 20, 2006

Before:  SLOVITER, McKEE AND FISHER, CIRCUIT JUDGES.

(Filed August 15, 2006)
_____

OPINION
_____

PER CURIAM

Xiomara Almanzar, a native and citizen of the Dominican Republic, appeals an order of the United States District Court for the District of New Jersey, dismissing her petition filed pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. We will affirm.

In her petition, Almanzar sought review of decisions of the Immigration Judge (IJ) and Board of Immigration Appeals (BIA) in her removal proceedings, and sought review of a prior District Court decision docketed at 04-cv-03827. The Court noted that the latest agency decision was the BIA's denial of Almanzar's second appeal (deemed a motion to reopen), on November 30, 2004. The Court noted that the denial of a motion to reopen may only be reviewed in the appropriate court of appeals, but declined to transfer the petition to this Court because it was untimely. The Court further noted that Almanzar had previously raised the same issues in the matter docketed at 04-cv-03827.

We agree with the District Court that it lacked jurisdiction both because the petition was untimely, and because it should have been filed in this Court. 8 U.S.C. §§ 1252(a)(5); 1252(b)(1) (petition for review filed in court of appeals is exclusive means of review; petition must be filed within 30 days after the date of the final order of removal). We further note that any challenge to the decision made in 04-cv-03827 could only have been made by way of a timely appeal; filing a second habeas petition was not a proper means to challenge the decision.[1] We have considered Almanzar's response to this

_____

[1]Almanzar appealed the decision in that case, but the appeal was dismissed for lack of jurisdiction because it was untimely filed. Almanzar v. Attorney General, No. 05-2075 (3d Cir., June 15, 2005).

2

Court's order of June 16, 2006, but find that her arguments do not address the District Court's proper holding that it lacked jurisdiction.

For the foregoing reasons, we will grant the Government's motion for summary affirmance.